OPINION
{¶ 1} Defendant-appellant Thomas Maddox appeals from his conviction, following a no-contest plea, upon an indictment for Domestic Violence, in violation of R.C. 2919.25. Maddox's sole assignment of error is as follows:
 {¶ 2} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS."
 {¶ 3} Maddox contends that the extension of the Domestic Violence statute — R.C. 2919.25 — to "a person living as a spouse," as provided for in R.C. 2919.25(F)(1)(a)(i), violates the Defense of Marriage amendment — Article XV, Section 11 — of the Ohio Constitution.
 {¶ 4} The State argued in the trial court, and the trial court agreed, that the "person living as a spouse" provision of the Domestic Violence statute does not violate the Defense of Marriage amendment. The State repeats that argument here.
 {¶ 5} For the reasons set forth in State v. Ward (March 24, 2006), Greene App. No. 2005-CA-75, we agree with Maddox that the extension of the provisions of the Domestic Violence statute to "a person living as a spouse" does violate the Defense of Marriage amendment. The State does not dispute Maddox's contention that he is being prosecuted for Domestic Violence upon the theory that his alleged victim, Rose Kelly, to whom he is not married, is a person living as a spouse. Accordingly, we conclude that the trial court erred when it denied Maddox's motion to dismiss.
 {¶ 6} Maddox's sole assignment of error is sustained. The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Wolff, J., concurs.